## ED BEARD v. THE STATE.

### No. 3491. Decided February 21, 1907.

**Gaming—Private Residence Occupied by Family.**

Where upon trial for gaming the evidence showed that the person occupying the room in which the playing of cards occurred, formerly had lived with his wife in Missouri, from whom he was separated, and his daughters occasionally visited him in Texas, and the son between 25 and 30 years of age also occasionally visited him and stayed in his room frequently where the gaming occurred. Held, that this did not constitute a family. or a private residence occupied by a family.

Appeal from the County Court of Knox. Tried below before the Hon. W. M. Moore.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*J. V. Milam, Jas. A. Stephens* and *Charles E. Coombs,* for appellant.—Hipp v. State, 75 S. W. Rep., 28; Roco v. Green, 50 Texas, 190.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for gaming, the fine imposed being $10. Appellant was running a saddlery shop, and back of the shop was a room where appellant slept and ate. His son (who was between twenty-five and thirty years of age) frequently stayed with him in this room. Appellant had a wife in Missouri, from whom he had been separated for twenty years. Appellant had some unmarried daughters living in Missouri, who occasionally visited him and slept in said room. At the time of the alleged offense his daughters were not there, nor had they been there for several months; nor have they been there since the alleged offense. They were with their mother in Missouri. Appellant had lived in said room since 1887. Appellant had been taking one meal for a portion of the time at the hotel for several years, but when his son was with him he did not take his son to his hotel and pay for his dinner. Appellant and his son generally ate at home at the room in question, while his son was there. The room was used by appellant as a kitchen, dining room and bedroom. Appellant insists that the above stated facts come within the exception to the gaming statute; that is, that the place where the card playing occurred was a "private residence occupied by a family," within the Act of 1891, p. 28, articles 379, 381, punishing all character of gaming at any place, except at a private residence occupied by a family. Appellant cites Hipp v. State, 75 S. W. Rep., 28, to support

his insistence. We do not think these facts are analogous to those in the Hipp case. Appellant in that case lived with his son, a boy 16 years of age, having his household and kitchen furniture, and everything pertaining to household affairs with him. True his wife had been divorced from him, and had one child with her. The minority of the boy and being with his father, evidenced the fact that the father had the care, control and management of him, and to that extent the boy was a constituent member of a family, within the contemplation of law. To hold that appellant in this case was not guilty of a violation of the gaming statute, would be to permit appellant to establish a gambling house on the fact that he formerly had lived with his wife in Missouri, and some daughters casually visited him in Texas, and a son between twenty-five and thirty years of age who lived in Texas, also occasionally visited him. We do not think that appellant himself could be considered a family, or that his home was a private residence occupied by a family. The facts here show no temporary absence of the family, but a total absence of the family. Accordingly we hold that the evidence is sufficient to support the conviction; and it does not come within the rule laid down in the Hipp case, supra. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### April 10, 1907.

BROOKS, Judge.—This case was affirmed at a former day of this court, and now comes before us on motion for rehearing. In collating the facts in the previous opinion, we said appellant was running the saddle shop and had a wife in Missouri; we should have stated that one W. P. Lane had the saddle shop and had some unmarried daughters in Missouri, and should have stated that appellant played the game in said room with said Lane. We appreciate very keenly the remarks of appellant's counsel in admonishing this court not to embarrass appellant by the statement that he had grown daughters in Missouri and a living wife in Missouri, when appellant was only twenty-five years of age and unmarried. We take pleasure both in deference to the facts, as disclosed by the record of this case, and through solicitude for the future welfare of appellant in correcting this gross misstatement of the record before us. However, we think the facts disclose that appellant is guilty, and that the place where he played and the circumstances as disclosed in the original opinion show that he was guilty, and the motion for rehearing is overruled.

*Overruled.*